# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JEMAL SCOTT,** | )<br>) |
| Plaintiff, | ) Case No. 7:17CV00140<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **SGT. J. FLEMING, ET AL.,** | ) By: James P. Jones<br>) United States District Judge |
| Defendants. | ) |

*Jemal Scott, Pro Se Plaintiff; Margaret Hoehl O'Shea, Office of the Attorney General, Richmond, Virginia, for the Defendants.*

Plaintiff Jemal Scott, a Virginia inmate proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983, alleging that prison officials violated his constitutional rights by using excessive force against him and maintaining him in five-point restraints for hours when he was not being disruptive. The defendants have filed a Motion for Summary Judgment contending that Scott is barred from pursuing his § 1983 claims because he failed to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a). After review of the record, I conclude that the defendants' motion must be denied.

I.

Scott's allegations center on an incident on June 4, 2016, at Red Onion State Prison ("Red Onion"). An officer told Scott to return to his cell. When Scott

moved away in the opposite direction, the officer tried to stop him. Perceiving the officer's actions as a threat, Scott punched him and then lay on the floor. Other officers entered the area, placed restraints on Scott, allowed a dog to bite him repeatedly, stomped and kicked him, and stood on his face. While escorting him to the medical unit, officers elbowed him in the face, banged his head against the wall, and punched his legs and lower back. They then placed him in five-point restraints for some time. Therefore, he was transported to Wallens Ridge State Prison ("Wallens Ridge") and placed in five-point restraints there for several more hours.

Scott's Complaint under § 1983 asserts that the defendants (prison officials at Red Onion and Wallens Ridge) used excessive force and deprived him of due process and equal protection, in violation of the Eighth and Fourteenth Amendments. He seeks compensatory damages. The defendants have filed a Motion for Summary Judgment, arguing, among other things, that Scott failed to exhaust available administrative remedies. Scott has filed a verified response to the motion, making it ripe for consideration.

II.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. 42 U.S.C. § 1997e(a). To comply with

§ 1997e(a), an inmate must follow each step of the established grievance procedure that the facility provides to prisoners and meet all deadlines within that procedure. *See Woodford v. Ngo*, 548 U.S. 81, 90-94 (2006).

Operating Procedure 866.1 is the written administrative remedies procedure that Virginia Department of Corrections inmates must follow to comply with § 1997e(a). *See* Mem. Supp. Mot. Summ. J. Ex. 2, Ravizee Aff. Enclosure A, ECF No. 40-2. Unless otherwise directed, an inmate with a grievance about an event or issue must first complete an Informal Complaint form and submit it to the grievance department at the prison where the challenged event occurred. Prison staff must then provide the inmate with a written response on the bottom of the Informal Complaint form and return it to him within fifteen days from the date it was logged. If the inmate does not receive a timely response to his Informal Complaint, he may, nevertheless, proceed to the next step of the procedure — by filing a Regular Grievance.

A Regular Grievance, with the Informal Complaint attached, must be filed within thirty days of the occurrence about which it complains. If a filing does not meet the filing requirements for a Regular Grievance under OP 866.1, it will be returned to the inmate within two working days. The reason for its rejection (such as an expired time limit) will be noted on the back of the form. The inmate may appeal the intake decision to the Regional Administrator.

Once the inmate properly files a Regular Grievance, officials will investigate, and the warden or his designee will send him a Level I response. If the responding official determines the grievance to be "unfounded," the inmate may appeal that ruling to the regional administrator for a Level II response, and in some cases, to Level III.

The defendants' evidence is that Scott did not file a timely Regular Grievance at either Red Onion or Wallens Ridge related to his current claims. Red Onion records show receipt of Scott's Informal Complaint, dated July 20, 2016, complaining that on June 4, 2016, officers at Red Onion used excessive force and five-point restraints on him. An official provided a timely response to this Informal Complaint. Red Onion staff next received from Scott another Informal Complaint form, submitted in November 2016, inquiring about the status of a Regular Grievance Scott had allegedly mailed to Red Onion at some point after receiving the response to his July 20 Informal Complaint. The grievance coordinator responded that she had not received any Regular Grievance from Scott. Finally, Red Onion received Scott's Regular Grievance, dated February 8, 2017, about the June 4, 2016 incident. The grievance coordinator rejected this Regular Grievance at intake as untimely filed, and her intake decision was affirmed on appeal. Wallens Ridge records indicate that officials there never received any

Informal Complaints or Regular Grievances from Scott about the use of five-point restraints against him at Wallens Ridge on June 4-5, 2016.

The defendants bear the burden of proving the affirmative defense that Scott failed to exhaust available administrative remedies regarding his claims before filing suit. *Jones v. Bock*, 549 U.S. 199, 216 (2007). They have done so. Their evidence indicates that Scott did not initiate an Informal Complaint until after the thirty-day filing period for the Regular Grievance had expired. Thus, he did not properly exhaust the procedures under OP 866.1.

Scott may yet escape summary judgment under § 1997e(a) if he states facts showing that the remedies under the established grievance procedure were unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016). Generally, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

Scott contends that he "attempted to grieve the situation yet got stonewalled at every turn until time had expired." Compl. Ex. 4, Scott Aff. 2, ECF No. 1-1. Scott states that after his release from five-point restraints at Wallens Ridge, early on June 5, 2016, he was placed in a segregation cell without independent access to forms. He asked officers repeatedly for Informal Complaint and Regular Grievance forms. Officers said they did not have forms or refused to give Scott

any. Then, Scott was told to put a written request under his door, and night shift officers would deliver forms to him. Scott received no forms in response to his requests. He wrote to the grievance department, asking for forms and was told to get forms from officers.

After Scott wrote to the grievance department a second time, explaining his inability to obtain forms the usual way, he received an Informal Complaint form on July 20, 2016, thirty-six days after the incident. He completed the form that same day and mailed it to Red Onion, where it was received July 26.

Taking Scott's evidence in the light most favorable to him, I conclude that summary judgment is not warranted.[1] Scott has presented a genuine issue of material fact in dispute on which a reasonable jury could find that the grievance procedures were not available to him at Wallens Ridge during the thirty days after the June 4-5 incident. Accordingly, I must deny the defendants' motion.

---

[1] An award of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must take the non-movant's evidence as true and draw "all justifiable inferences" from the evidence in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). To withstand a summary judgment motion, the non-movant must produce sufficient evidence from which a reasonable jury could return a verdict in his favor. *Id.* at 249-50.

III.

For the reasons stated, it is **ORDERED** that the defendants' Motion for Summary Judgment under 42 U.S.C. § 1997e(a) (ECF No. 39) is DENIED, and they are directed to file any motion for summary judgment on the merits of Scott's claims within 30 days from entry of this order.

        ENTER:  June 18, 2018

        /s/  James P. Jones
        United States District Judge